UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION


UNITED STATES OF AMERICA,    )   CASE NO:  7:16-CR-01612-1
                        )
           Plaintiff,    )      CRIMINAL
                        )
    vs.                )      McAllen, Texas
                        )
JESUS MURILLO,         )   Wednesday, March 8, 2017
                        )   (2:10 p.m. to 2:25 p.m.)
            Defendant.    )


REARRAIGNMENT

BEFORE THE HONORABLE MICAELA ALVAREZ,
UNITED STATES DISTRICT JUDGE



Appearances:         See Next Page

Court Recorder:      Candy Jones

Transcribed by:      Exceptional Reporting Services, Inc.
                     P.O. Box 18668
                     Corpus Christi, TX 78480-8668
                     361 949-2988

**THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER. UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE. General Order 94-15, United States District Court, Southern District of Texas.**

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

APPEARANCES FOR:

Plaintiff:                          ROBERTO LOPEZ, JR., ESQ.
                                    Assistant United States Attorney
                                    1701 W. Business Hwy. 83
                                    Suite 600
                                    McAllen, TX 78501

Defendant:                          ALEJANDRO BALLESTEROS, ESQ.
                                    Ballesteros Gonzalez Law Firm, PLLC
                                    3900 N. Tenth Street, Suite 980
                                    McAllen, TX 78501

U.S. Probation Office:              Jimmy Lugo
                                    1701 W. Business Hwy. 83
                                    Suite 729
                                    McAllen, TX 78501

<u>1      McAllen, Texas; Wednesday, March 8, 2017; 2:10 p.m.</u>

2                    **(Call to order)**

3          **THE COURT:** Let me work backwards, if I could begin

4    with the last one called, that is Jesus Murillo, and that's 16-

5    1612.  Mr. Murillo, please raise your right hand to be sworn

6    in.

7          **(Defendant sworn)**

8          **THE COURT:** Mr. Murillo, you have just been sworn in.

9    You are under oath.  That means that you are subject to the

10   penalties of perjury and that any statement you make here today

11   can be used against you; do you understand that?

12         **THE DEFENDANT:** Yes, your Honor.

13         **THE COURT:** Just by way of background, Mr. Murillo,

14   how old are you?

15         **THE DEFENDANT:** Twenty-four.

16         **THE COURT:** What kind of schooling do you have?

17         **THE DEFENDANT:** Finished high school and some medical

18   assistant certified.

19         **THE COURT:** Okay.  Are you a citizen of the United

20   States?

21         **THE DEFENDANT:** Yes, your Honor.

22         **THE COURT:** Are you now or have you ever been under

23   the care of any doctor, psychologist, psychiatrist, any kind of

24   mental health professional for any mental health issues?

25         **THE DEFENDANT:** No, your Honor.

1          **THE COURT:**  Are you now under the influence of any

2    alcohol, drugs, or medication?

3          **THE DEFENDANT:**  No, your Honor.

4          **THE COURT:**  Within the last 48 hours, have you taken

5    any alcohol, drugs, or medication?

6          **THE DEFENDANT:**  No, your Honor.

7          **THE COURT:**  Have you talked with your attorney about

8    the charges that you are facing?

9          **THE DEFENDANT:**  Yes, your Honor.

10          **THE COURT:**  Your attorney indicated you're pleading

11    to Count Two so I'm going to cover that charge with you only,

12    even though there's other charges as well, and that charge is

13    as follows:  That on or about October the 9th, 2015, in the

14    Southern District of Texas and within the jurisdiction of the

15    Court, that you, in connection with the acquisition of a

16    firearm, namely three Romar Cougar (sic) WASR-10 7.62 caliber

17    rifles from FORZA Armory LLC in Edinburg, Texas, a federally

18    licensed firearms dealer, under Chapter 44 of Title 18 of the

19    United States Code; that you knowingly aided, abetted,

20    counseled, commanded, or induced or procured the commission of

21    the making of a false or fictitious written statement to FORZA

22    Armory LLC, which statement was intended and likely to deceive

23    FORZA Armory, LLC as to a fact material to the lawfulness of

24    the sale of the firearms under Chapter 44 of Title 18 of the

25    United States Code; and that you caused Marella Sandoval to

1 falsely represent on the Bureau of Alcohol, Tobacco, and

2 Firearms Form 4473 that she was the actual buyer of the firearm

3 described above, when in truth and in fact you knew that those

4 statements and representations were false, and that Marella

5 Sandoval was not the actual buyer of the firearm.  In violation

6 of Title 18, United States Code, Section 922(a)(6), 924(a)(2),

7 and Section 2.  So basically the charge, Mr. Murillo, is that

8 you in some manner -- and we use the terms "aided, abetted,

9 counseled, commanded, or induced," but basically it just means

10 that you in some manner or other got Ms. Sandoval to make a

11 false statement, that you knew that this statement was false,

12 that the statement was made in connection with the acquisition,

13 that is the purchase, of the firearm and when you knew that the

14 statements were in fact false.  Do you understand the charge?

15        **THE DEFENDANT:**  Yes, your Honor.

16        **THE COURT:**  Do you have any questions about the

17 charge?

18        **THE DEFENDANT:**  No, your Honor.

19        **THE COURT:**  In connection with this charge,

20 Mr. Murillo, you have certain rights.  You have the right to be

21 represented by a lawyer, as you are being represented here

22 today.  You have that right even if you cannot afford a lawyer;

23 do you understand that?

24        **THE DEFENDANT:**  Yes, your Honor.

25        **THE COURT:**  You also have the right to enter a plea

1   of not guilty to the charge, as you did to begin with.  If you

2   want to go forward with a plea of not guilty, you have the

3   right to have a jury trial.  The jury is made up of 12 citizens

4   of this community, and the jury is the one that would decide

5   whether you are guilty or not guilty.  In connection with a

6   jury trial, you have the right to have the Government present

7   the witnesses that the Government has to testify against you.

8   You have the right through your attorney to ask questions of

9   those witnesses.  You have the right to present witnesses of

10  your own.  And you also have the right to testify if you want

11  to testify, which you do not have to do so.  If you choose not

12  to testify, the fact that you chose not to testify is not

13  considered by the jury as being evidence that you are guilty or

14  evidence of anything else in the case.  These are rights that

15  you have if you wish to go forward with a plea of not guilty;

16  do you understand this?

17          **THE DEFENDANT:**  Yes, your Honor.

18          **THE COURT:**  If you do enter a plea of guilty, you

19  will be giving up these rights because if you enter a plea of

20  guilty, we do not have a jury trial; I am the one to decide

21  whether you are guilty.  We do not have any of the witnesses

22  presented except for yourself.  You become a witness because

23  the Government's attorney will tell me the facts of your case.

24  I will ask you some questions about those facts and you will

25  need to answer those questions for me, which of course also

1  means that you give up your right to remain silent; do you

2  understand this?

3  　　　　　　THE DEFENDANT:  Yes, your Honor.

4  　　　　　　THE COURT:  With that understanding, then do you wish

5  to give up the right to have a jury trial, the right to have

6  the witnesses presented, both yours and the Government's, the

7  right to be able to ask questions of those witnesses, and the

8  right to remain silent; do you want to give up those rights by

9  entering a plea of guilty?

10  　　　　　　THE DEFENDANT:  Yes, your Honor.

11  　　　　　　THE COURT:  Have you talked with your attorney about

12  what kind of punishment you may be facing if you are found

13  guilty in this case?

14  　　　　　　THE DEFENDANT:  Yes, your Honor.

15  　　　　　　THE COURT:  The law provides that you are facing up

16  to ten years of prison time.  There's no minimum requirement,

17  but it can be all the way up to ten years of prison time; do

18  you understand that?

19  　　　　　　THE DEFENDANT:  Yes, your Honor.

20  　　　　　　THE COURT:  The law also provides that you can be

21  placed on what we call supervised release for up to three

22  years.  Supervised release is a period of time after you have

23  been released from custody.  You are not in prison, you are in

24  your home community, wherever that may be, but you are still

25  under the Court's supervision through the Probation Department.

1    You are ordered to do or not do certain things, and violating

2    any of the Court's orders could result in you having to come

3    back to Court and serving more time for this offense, even if

4    you have not committed a new offense.  Do you understand this?

5                **THE DEFENDANT:**  Yes, your Honor.

6                **THE COURT:**  The law also provides that you can be

7    ordered to pay a fine of up to $250,000, and the law requires

8    you be ordered to pay $100.  The fine depends on whether you

9    can afford to pay the fine, but the $100 is regardless of

10   whether you can afford to pay it; do you also understand that?

11               **THE DEFENDANT:**  Yes, your Honor.

12               **THE COURT:**  Also, in connection with this charge the

13   Government has given you notice of forfeiture.  Basically what

14   that means is that the Government has put you on notice that

15   the Government will seek to take both title to and possession

16   of the weapons involved, not just in this particular count but

17   in the various counts here.  Whenever the Government is trying

18   to take property that another person may have an interest in,

19   then that person has a right to assert that -- a claim to that

20   property, either through a court case such as this or

21   separately through what we call an administrative proceeding.

22   Do you understand both that the Government has given you notice

23   of forfeiture and that you do have certain rights in connection

24   with that notice?

25               **THE DEFENDANT:**  Yes, your Honor.

1          **THE COURT:**  Addressing again the issue of what you

2    may be facing as far as sentencing, the Court has to follow the

3    law that I just explained to you about how much time you may be

4    facing, but the Court also has to consider something that we

5    call the guidelines.  Did you talk with your attorney about the

6    guidelines, or perhaps you reviewed a chart that looks like

7    this?

8          **THE DEFENDANT:**  Yes, your Honor.

9          **THE COURT:**  The guidelines provide a way that we come

10   up with a range of months that I have to consider in deciding

11   your actual sentence.  There's a lot that goes into calculating

12   the guideline.  For a charge such as this, primarily the number

13   of weapons involved and the ammunition and anything else that

14   may have been involved.  But it also takes into account other

15   things as well as your criminal history.  At the time of

16   sentencing, I have to consider the guidelines that apply to

17   your case, but I do not have to follow those guidelines; do you

18   understand that?

19         **THE DEFENDANT:**  Yes, your Honor.

20         **THE COURT:**  In other words, I could decide to

21   sentence you to something that is within your guideline range

22   or something that is less than your guideline range, or

23   something that is more than your guideline range, provided I do

24   not sentence you to more than ten years; do you also understand

25   that?

1      **THE DEFENDANT:**  Yes, your Honor.

2      **THE COURT:**  It's also important that you understand

3  that while I expect your attorney has told you the guideline

4  range that your attorney thinks will apply to your case, that

5  is not a promise or a guarantee.  I am the one that decides

6  what the correct guideline range is.  I do not do that until

7  the time of sentencing; do you also understand that?

8      **THE DEFENDANT:**  Yes, your Honor.

9      **THE COURT:**  Do you have any questions about the

10  things I have covered with you?

11      **THE DEFENDANT:**  No, your Honor.

12      **THE COURT:**  Have you understood all of these things

13  that I've covered with you?

14      **THE DEFENDANT:**  Yes, your Honor.

15      **THE COURT:**  Is there a plea agreement as to

16  Mr. Murillo?

17      **MR. LOPEZ:**  Yes, your Honor, and it reads in

18  pertinent part the Defendant agrees to plead guilty to Count

19  Two of his superseding indictment, to waive any and all

20  interest in the assets listed in the notice of forfeiture and

21  to the judicial or administrative forfeiture of any and all

22  firearms, weapons, and ammunition seized in connection with

23  this case including, but not limited to the:  one Kel-Tec Model

24  P3AT .380 caliber pistol, the one Rock Island Armory Model

25  M1911-A1 FS .38 super caliber pistol, one IO Incorporated Model

1   Sporter 7.62 caliber rifle, one Remington Model 700 .308

2   caliber rifle, a hundred rounds of .38 super caliber

3   ammunition, 19 rounds of .308 caliber ammunition, and one .38

4   super caliber magazine.  The Defendant agrees to waive any and

5   all procedural notice requirements for forfeiture.  And in

6   exchange, the Government will recommend the offense level

7   decrease by two levels pursuant to United States Sentencing

8   Guideline Section 3E1.1(a) if the Defendant clearly

9   demonstrates acceptance of responsibility.  And that the

10  remaining counts of the original indictment and superseding

11  indictment be dismissed at the time of sentencing.

12        **THE COURT:**  Mr. Murillo, the Government indicates you

13  have signed a plea agreement, and I believe your attorney has

14  it there.  If you could, look at that and confirm for me that

15  you have in fact signed that plea agreement.

16        **THE DEFENDANT:**  Yes, your Honor.

17        **THE COURT:**  And did you review that agreement with

18  your attorney before you signed it?

19        **THE DEFENDANT:**  Yes, your Honor.

20        **THE COURT:**  The Government indicates that the plea

21  agreement basically provides for you to plead guilty to Count

22  Two of the indictment, and also to waive any rights that you

23  have regarding the ammunitions and weapons here.  That is in

24  connection with the forfeiture that I touched on earlier.  And

25  that the Government will recommend two levels off for what we

1    call "acceptance of responsibility," and then dismiss the other

2    counts in the original indictment, as well as the superseding

3    indictment.  Is that what you understand your agreement with

4    the Government to be?

5              **THE DEFENDANT:**  Yes, your Honor.

6              **THE COURT:**  It's important that you understand that

7    the agreement you have made is only between you and the

8    Government.  It is not an agreement with the Court.  By that I

9    mean that if you do enter a plea of guilty and I find you

10   guilty, your case will be set for sentencing.  At the time of

11   sentencing, I will consider the recommendation made to me by

12   the Government, but I do not have to follow those

13   recommendations.  And even if I do not follow those

14   recommendations, I do not have to allow you to withdraw your

15   plea of guilty; do you understand that?

16             **THE DEFENDANT:**  Yes, your Honor.

17             **THE COURT:**  Other than the agreements as reflected in

18   the plea agreement, do you believe there has been any other

19   sort of promise made to you by anybody, whether that be the

20   Government, your attorney, or anybody else, to get you to plead

21   guilty?

22             **THE DEFENDANT:**  No, your Honor.

23             **THE COURT:**  Has anybody threatened you or tried to

24   force you or coerce you into entering a plea of guilty?

25             **THE DEFENDANT:**  No, your Honor.

1    **THE COURT:**  Do you wish to enter a plea of guilty

2  freely and voluntarily?

3          **THE DEFENDANT:**  Yes, your Honor.

4          **THE COURT:**  And do you wish to do so because you are

5  in fact guilty as charged in Count Two of your indictment?

6          **THE DEFENDANT:**  Yes, your Honor.

7          **THE COURT:**  As to Count Two then, Mr. Murillo, how do

8  you plead, guilty or not guilty?

9          **THE DEFENDANT:**  Guilty.

10         **THE COURT:**  The Government is now going to state for

11  me the facts of your case.  Please listen carefully because I

12  will then ask you a few questions.

13         **MR. LOPEZ:**  Thank you, your Honor.  On October 9,

14  2015, the Defendant, Jesus Murillo, had recruited Marella

15  Sandoval to purchase three Romarm Cugir WASR-10 7.62 caliber

16  rifles from FORZA Armory, LLC, a federally licensed firearms

17  dealer under Chapter 44 of Title 18 of the United States Code,

18  located in Edinburg, Texas.  In connection with the acquisition

19  and purchase of the firearms, Sandoval executed a Bureau of

20  Alcohol, Tobacco, and Firearms Form 4473 stating that she was

21  the actual buyer of the firearms when in truth and in fact

22  Sandoval knew that those statements were false and that she was

23  not the actual buyer of the firearm.  Defendant, Jesus Murillo,

24  knew that Sandoval would be required to execute the Form 4473

25  in connection with the purchase of the requested firearms, and

1   Defendant Murillo knew that Sandoval would make and did in fact

2   make a false statement in connection with said purchase.

3   Defendant Murillo and Sandoval knew that such false statement

4   was material to the lawfulness of the sale of the firearms and

5   was intended and likely to deceive FORZA Armory LLC, the

6   federally licensed firearms dealer, as to such fact.  Defendant

7   Murillo aided, abetted, induced, and procured the commission of

8   the making of the false statement by recruiting Marella

9   Sandoval to make the purchase of the firearms, instructing

10  Sandoval regarding the type of firearms to purchase, providing

11  the funds for the purchase of the firearms, and paying Sandoval

12  to make the purchases of the firearms.

13          **THE COURT:**  Mr. Murillo, do you agree with what the

14  Government stated?

15          **THE DEFENDANT:**  Yes, your Honor.

16          **THE COURT:**  Okay, so you understood that a person

17  purchasing a firearm would have to fill out some paperwork

18  indicating that that person was the actual buyer; is that

19  correct?

20          **THE DEFENDANT:**  Yes, your Honor.

21          **THE COURT:**  And then you recruited Ms. Sandoval to

22  actually make the purchase, either for you or for somebody

23  else, knowing that she wouldn't be the actual purchaser; is

24  that correct?

25          **THE DEFENDANT:**  Yes, your Honor.

1          **THE COURT:**  And you provided her with the money for

2  the purchase itself.

3          **THE DEFENDANT:**  Yes, your Honor.

4          **THE COURT:**  And then also paid her for making the

5  purchase.

6          **THE DEFENDANT:**  Yes, your Honor.

7          **THE COURT:**  Thank you, Mr. Murillo.  The Court does

8  find that you are competent to enter a plea, that you

9  understand the nature of the charges against you, as well as

10 the consequences of entering a plea of guilty, that you are

11 entering a plea of guilty freely and voluntarily, and that

12 there is a factual basis for the plea of guilty.  The Court

13 does find you guilty as charged in Count Two of the indictment.

14 Your case will be set for sentencing on June the 7th at 9:00

15 a.m., with a Presentence Investigation to be done and a report

16 to be completed by April the 12th, objections to be filed by

17 the 26th, with the final report due on May the 10th.  Is there

18 anything else as to Mr. Murillo?

19          **MR. BALLESTEROS:**  Not at this time, your Honor.

20          **THE COURT:**  All right, thank you.  Then you --

21          **MR. BALLESTEROS:**  May we be excused?

22          **THE COURT:**  -- may be excused, yes.

23          **MR. BALLESTEROS:**  Thank you, your Honor.

24      **(This proceeding was adjourned at 2:25 p.m.)**

25

CERTIFICATION


I certify that the foregoing is a correct transcript from the

electronic sound recording of the proceedings in the above-

entitled matter.




_____          _August 30, 2017_



                    TONI HUDSON, TRANSCRIBER